UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER JORRIE, | § | No. SA:16–CV–490–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON TRUST COMPANY, N.A., | § | |
| AS SUCCESSOR-IN-INTEREST TO | § | |
| ALL PERMITTED SUCCESSORS | § | |
| AND ASSIGNS OF JPMORGAN | § | |
| CHASE BANK, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| THE MLMI SURF TRUST SERIES | § | |
| 2005-BC2, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is a Motion to Remand to State Court, filed by Plaintiff Jennifer Jorrie (Dkt. # 5). The Court held a hearing on the motion on August 25, 2016. At the hearing, Oscar L. Cantu, Jr., Esq., represented Plaintiff; Crystal G. Roach, Esq., represented Defendant The Bank of New York Melon Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, National Association, as Trustee for MLMI SURF Trust Series 2005-BC2 ("Defendant" or "BONY"). After careful consideration of the supporting and opposing memoranda

and the arguments presented at the hearing, the Court, for the reasons that follow, **DENIES** Plaintiff's Motion to Remand (Dkt. # 5).

## BACKGROUND

On January 7, 2005, Plaintiff Jennifer Jorrie and her husband James Jorrie[1] entered into a written loan agreement ("the Note") with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Home Loan Corporation, in the amount of $193,100.00, in order to purchase the home located at 23003 Fairway Bridge, San Antonio, Texas 78258 ("the Property") (Dkt. # 1-3 at 27–29.) The Note was secured by a Deed of Trust granting MERS and the Home Loan Corporation a security interest in the Property. (Id. at 33–48.)

On the same day, MERS, as nominee for the Home Loan Corporation, assigned the Note to Merrill Lynch Mortgage Lending, Inc. ("Merrill Lynch"). (Dkt. # 1-3 at 30.) On June 17, 2009, Merrill Lynch assigned the Note to BONY. (Id. at 31.) Both transfers were recorded in the Official Public Records of Bexar County on June 22, 2009. (Id. at 53–56; 57–64.)

---

[1] James Jorrie is a counter-defendant in this lawsuit, but is not involved in the instant motion.

According to Plaintiff, BONY accelerated her loan in October 2009.[2] ("Compl.," Dkt. # 1-3 at 2–16, ¶¶ 6–7.)  According to Plaintiff, BONY instructed her to stop making her mortgage payments in order to obtain a loan modification, which BONY subsequently refused to provide.  (Id. ¶ 38.)  Plaintiff alleges she sued BONY in 2012 in Texas state court, and deposited over sixty-thousand dollars with the court registry to settle the suit and reinstate the Note.[3]  (Compl. ¶ 15.)  According to Plaintiff, BONY rejected these funds.  (Id. ¶ 16.)

On December 31, 2015, Plaintiff brought suit against BONY in the 224th Judicial Court for Bexar County, Texas, seeking a temporary restraining order to stop a foreclosure sale scheduled for January 5, 2016, and requesting an injunction preventing BONY from foreclosing on the Property in the future and requiring BONY to correct all past negative credit reporting.  (Compl. ¶¶ 64–66.)  The complaint further alleges that BONY is liable for breach of a contract entered into subsequent to the alleged 2012 litigation (id. ¶¶ 14–34), and states causes of action for violations of the "Texas Unfair and Deceptive Acts and Practices

---

[2] Defendant's counter-claim against Plaintiff and counter-Defendant James Jorrie states that no payments have been made under the Note since January 1, 2009. (Dkt. # 1-3 at 22, ¶ 22.)

[3] Plaintiff alleges that this agreement was subsequent to litigation in Case Number 2012-CI-02987.  (Compl. ¶ 15.)  The Court has located the case and found that Plaintiff was not a party to it.  See Rosas v. America's Serv. Co. et al., No. 2012–CI–02987.  Counsel for Plaintiff corrected the error during the hearing.  The correct case number is 2012-CI-12762.

Statute"[4] (id. ¶¶ 35–45), and the Unfair Debt Collection Practices Act, Tex. Fin. Code ¶ 392.304 (id. ¶¶ 46–51).

The state trial court issued a temporary restraining order preventing the January 5, 2016 sale, and set a hearing for the preliminary injunction; however, the records before this Court indicate that the hearing never occurred. (Dkt. # 1-3 at 61–64.) Defendant removed the case to this Court on May 31, 2016, stating that removal was timely because it was never served with process. (Dkt. # 1 ¶ 3.)

On June 30, 2016, Plaintiff filed the instant Motion to Remand (Dkt. # 5). Defendant filed an amended Response on July 26, 2016. (Dkt. # 11.) Plaintiff did not file a reply.

## LEGAL STANDARD

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, where there is diversity of citizenship or a federal question exists. 28 U.S.C. § 1441(a); Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010). To determine whether jurisdiction is present for removal, the

---

[4] The Court presumes that Plaintiff's counsel intended to plead under the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Comm. Code § 17.41 et seq.

4

Court considers the claims in the state court petition as they existed at the time of removal. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).

Diversity jurisdiction exists in a civil action "[i]n order to provide a neutral forum" for litigation between the parties, so long as the action is "between citizens of different States," and exceeds a statutory amount in controversy. Exxon Mobil Corp. v. Allapattah Serv., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). The amount in controversy requirement is currently $75,000.00. 28 U.S.C. § 1332(a). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013) (quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)).

In general, a defendant must file a notice of removal in the district court within 30 days after receipt of the first state court pleading presenting a removable claim. 28 U.S.C. § 1446(b).

## DISCUSSION

Plaintiff alleges that the case was improperly removed because "the District Courts of Bexar County already issued Orders regarding disposition of the real property in question." (Dkt. # 5 ¶ 6.) According to Plaintiff, the state court issued a temporary injunction preventing BONY from foreclosing on the Property in a previous suit, that she paid "a substantial amount of funds" into the state court registry, and that BONY has not applied these funds to her debts. (Id. ¶¶ 6–7.) Plaintiff argues that BONY should therefore not be permitted to remove the case for fairness reasons. (Id. ¶ 7.) Finally, Plaintiff argues that the Rooker-Feldman doctrine applies here, stripping the Court of jurisdiction over the suit, because at some point the Bexar County District Court issued an injunction ordering that BONY is "immediately stayed, enjoined, and restrained from directly or indirectly selling, conveying, foreclosing, posting for foreclosure, transferring the property or entering and removing either the Plaintiff or her property."[5] (Dkt. # 5 ¶ 11.)

---

[5] Importantly, Plaintiff does not cite to the docket entry, or even the case name or number in which this injunction was entered; without such information, the Court has no way of evaluating whether the cited injunction was a permanent injunction dealing with the subject property.

6

I. <u>Whether Removal was Proper</u>

BONY demonstrated that removal was proper at the time it removed the case to this Court. (Dkt. # 1.)  See <u>BEPCO, L.P.</u>, 675 F.3d at 470.  BONY's notice of removal stated that its main office, as set forth in its articles of association, is located in California, making BONY a citizen of California for diversity purposes.  (Dkt. #1 ¶ 11.); <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 318 (2006).  Plaintiff is a citizen of Texas; accordingly, Plaintiff and BONY are citizens of different states, satisfying the diversity requirement for purposes of diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Further, BONY's notice of removal included the public recording of the Property from the Bexar County Appraisal District, indicating that the property was most recently valued at $309,100.00.  (Dkt. # 1-7.)  As Plaintiff is seeking injunctive relief to stop foreclosure sale of the Property, the amount in controversy is approximately $309,100.00, well in excess of the $75,000 jurisdictional minimum.  See <u>Farkas</u>, 737 F.3d at 341; 28 U.S.C. § 1332(a).  Finally, it does not appear that service was ever effectuated on BONY, and its removal of the case is accordingly timely.  28 U.S.C. § 1446(b)(3).

II. <u>Whether Rooker-Feldman Doctrine Applies</u>

Plaintiff argues that the Rooker-Feldman doctrine requires this case to be remanded to state court.  (Dkt. # 5 ¶ 7.)  The Rooker-Feldman "doctrine bars lower federal courts from 'exercising appellate jurisdiction over final state-court

judgments.'" Illinois Cent. R. Co. v. Guy, 682 F.3d 381, 390 (5th Cir. 2012) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)). "Rooker-Feldman . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Dennis, 546 U.S. at 464 (quoting Exxon Mobile Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005). Accordingly, the doctrine applies only where a "party suffered an adverse final judgment rendered by a state's court of last resort, and then initiated proceedings in a lower federal court seeking review and reversal of the state-court judgment." Illinois Cent. R. Co., 682 F.3d at 390.

      Importantly, it is Plaintiff, rather than BONY who filed the instant suit. Plaintiff's suit does not seek to overturn the agreement allegedly entered into pursuant to the prior state court judgment; rather, it sought to halt a foreclosure sale on her home. (Compl.) Because Plaintiff's litigation history is incorrectly documented in both her state court complaint and the instant motion to remand, the Court is unable to adequately analyze her claims with regard to prior state-court judgments. Nothing in the record before the Court indicates that BONY has taken any action to overturn any prior state court judgment. Further, Plaintiff has presented no evidence that this or any of her cases has been reviewed by the Texas "court of last resort."

Even assuming, arguendo, that the Texas Supreme Court affirmed the entry of a permanent injunction and payment agreement regarding the Property and BONY has refused to abide by the terms of that agreement, BONY did not bring this suit in federal Court seeking to overturn the state court judgment.  Rather, Plaintiff—not BONY—brought suit in state court—not federal court—seeking a temporary restraining order, requesting an injunction, and alleging claims for breach of contract and for violations of the Texas Deceptive Trade Practices Act and Unfair Debt Collection Practices Act.  (Compl. ¶¶ 14–51.)  Only then did BONY remove the suit to federal court.  Should BONY later attempt to challenge the validity of a prior state court judgment against it, the Roooker-Feldman doctrine may apply.  However, Plaintiff has not made a showing of any fact to indicate that the Rooker-Feldman doctrine applies or that this Court otherwise does not have jurisdiction.

## CONCLUSION

For the reasons stated above, the Court finds that diversity jurisdiction is proper, and that no exception to this jurisdiction applies.  Plaintiff's Motion to Remand to state Court is hereby **DENIED** (Dkt. # 5).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 25, 2016.

_____
David Alan Ezra
Senior United States Distict Judge